IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                                            No.  5:08CV00106 JMM

JUNIOR O. BURDAN;
BRENDA K. BURDAN;
Husband and Wife;
TENANTS (Known or Unknown)
OF 214 WEST ASK STREET, MCGEHEE,
DESHA COUNTY, ARKANSAS                                                              DEFENDANTS

**JUDGMENT**

Pending before the Court is the application of the plaintiff, United States of America, for default judgment together with affidavit showing that the defendants Junior O. Burdan and Brenda K. Burdan are not infants or incompetent persons and are not in the military service of the United States.  Said borrowers, after having been properly served, are in default.  The defendants, Tenants of 214 W. Ash Street, McGehee, AR are no longer necessary parties to this cause of action.  An affidavit filed herein on 5/27/08 demonstrates that the property is vacant. It is therefore, ORDERED, DECREED AND ADJUDGED:

1.  The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2.  There is due and owing on the promissory notes of Junior O. Burdan and Brenda K. Burdan to the United States of America, U.S. Department of Agriculture, Farm Service Agency, the total principal sum of $198,852.55, plus interest in the sum of $57,688.00, accrued to February 3, 2009,  and thereafter at the daily rate of $23.0677 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. §1961, plus advances and recoverable charges, and any additional advances and recoverable charges made during the pendency of this action for protection and maintenance of the subject

property, and the costs of this action.   A total current balance of $256,540.55 is due as of 2/3/09.  Plaintiff United States of America, U.S. Department of Agriculture, Farm Service Agency, is hereby awarded judgment in rem against the property described herein for the above-mentioned sums.  No personal judgment having been prayed for, none is rendered.

    3.  The above-described indebtedness due and owing to the plaintiff is secured by mortgages recorded as follows:

| **MORTGAGE DATE** | **RECORDATION DATE** | **BOOK AND PAGE** |
|---|---|---|
| 3/30/00 | 3/30/00 | Disk 2000, Page 2042<br>Ex-Officio Recorder/Desha County, AR |
| 3/30/00 | 5/25/2000<br>(Re-recording) | Disk 2000, Page 3438<br>Ex-Officio Recorder/Desha County, AR |
| 2/25/1999 | 2/25/1999 | Disk 1999, Page 1388<br>Ex-Officio Recorder/Desha County, AR |

Plaintiff's mortgages constitute good and valid mortgage liens, which are paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants herein, and each of them, in and to the following described property in Desha County, Arkansas:

    Lot 6, Block 8, Original Town of McGehee, Desha County, Arkansas.

together with all improvements and appurtenances thereon.

    4.  After having been properly served, Junior O. Burdan and Brenda K. Burdan are in default.  Any interest in and to the above-described property held or claimed by the remaining defendants is subordinate and inferior to the plaintiff's mortgages, and is hereby foreclosed.

5.   Plaintiff's mortgages recorded on 2/25/99 at Disk 1999, Page 1388; and 3/30/00 recorded at Disk 2000, Page 2042 and re-recorded Disk 2000, Page 3438 constitutes collectively a first lien against the above described property, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy, homestead, of all of the defendants herein in and to the above described property in Desha County, Arkansas.

6. The above-described mortgages of the United States of America are hereby foreclosed. If the above-described indebtedness due to the United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the South front door of the Desha County Courthouse, Arkansas City, Arkansas. The date and time of such sale shall be fixed by the Marshal.  If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option:  furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment.  The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property.  In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale.  A lien against the property shall be retained to further secure payment of the purchase money.  The property shall be sold subject to any unpaid property taxes.  If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of

sale, it may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the Court.

      7.  Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower, of all parties in and to said property, and every part thereof, shall from that date be foreclosed and forever barred.

      8.  The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

      9.  The sales proceeds, after expenses of sale shall be paid and distributed to the United States of America, USDA, Farm Service Agency, to the extent of the indebtedness owed to it secured by its mortgages above.  Any surplus remaining shall be retained by the U.S. Marshal subject to further orders of the Court.

      10.  The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

      DATED this 5TH day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE